UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 7421 WEST 100TH PLACE CORP., | |
| Plaintiff, | Case No. 13-cv-4336 |
| v. | Judge John Robert Blakey |
| VILLAGE OF BRIDGEVIEW, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On September 26, 2016, this Court denied Plaintiff's Motion for Summary Judgment [100] on Count I as it specifically related to Ordinance No. 05-11. Mem. Op. and Order [184]. On November 1, 2016, Plaintiff filed a Motion to Reconsider [187] based upon newly discovered facts.

Even though the Federal Rules of Civil Procedure "do not explicitly provide a mechanism" for this Court to reconsider "interlocutory orders of any kind," *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012), federal courts have construed motions to reconsider interlocutory orders "as arising under Rule 54(b) in addition to the Court's inherent authority and the common law." *Id.* Generally, under such legal basis, reconsideration is appropriate: (1) where the Court has "obviously misunderstood" a party; (2) where the Court's decision "rests on grounds outside the adversarial issues" presented to the Court by the parties; (3) where the Court has "made an error not of reasoning but of apprehension"; (4) where there has been "a controlling or significant change in the law" since the submission of the issue to the

1

Court; or (5) where there has been "a controlling or significant change in the facts of the case." *Id.* A motion for reconsideration, however, is "not an appropriate vehicle" for simply re-litigating "arguments that the Court previously rejected." *Id.* at 717.

Here, in its original Memorandum Opinion and Order, this Court ruled that various genuine disputes of material facts remained as to whether Ordinance 05-11 allows for reasonable alternative channels of Plaintiff's proffered communication. Mem. Op. and Order [184] 20. Specifically, the Court pointed to multiple factual disputes regarding parcels identified by Defendant as "Parcel 20" and "Parcel 9." *Id.* at 21-22.

Plaintiff's Motion to Reconsider purports to present only two newly discovered facts: (1) that both Parcel 20 and Parcel 9 are currently occupied by other businesses; and (2) that neither parcel—nor portions thereof—are available for sale or lease. Pl.'s Mot. Reconsider [187] 3-7. Notably, neither of these facts addresses disputed issues highlighted by the Court's original Memorandum Opinion and Order, for example, issues which focused on, *inter alia*, the disputed parcels': (1) size; (2) accessibility; (3) divisibility; and (4) proximity to institutions protected by Ordinance No. 05-11 (*i.e.* religious institutions, public parks, schools, and residential areas). Mem. Op. and Order [184] 21-22.

In the end, Plaintiff claims that the willingness of current owners of Parcels 20 and 9 to sell or lease their property is dispositive as to whether ordinance No. 05-11 provides a reasonable opportunity to disseminate the speech at issue. Plaintiff points to no authority to support this proposition. To the contrary, the proper

2

constitutional inquiry "is necessarily 'fact-intensive,'" *Lund v. City of Fall River, MA*, 714 F.3d 65, 72 (1st Cir. 2013) (quoting *Big Dipper Entm't, L.L.C. v. City of Warren,* 641 F.3d 715, 719 (6th Cir. 2011)), and requires "an evaluation of multiple factors." *D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 59 (1st Cir. 1999). Consequently, the issue of reasonable opportunity "must be resolved on a case-by-case basis." *Fly Fish, Inc. v. City of Cocoa Beach,* 337 F.3d 1301, 1310 (11th Cir. 2003). Plaintiff admits as much in its reply brief. Pl.'s Reply Mot. Reconsider [192] ("[E]ach and every case in this line of precedent has been decided on a fact-intensive basis, based upon the nature and extent of the sites made available for adult uses by the municipalities in question."). The Court, therefore, declines Plaintiff's invitation to reduce this case to a single issue.

Of course, neither this ruling nor the Court's original Memorandum Opinion and Order takes a position as to whether Ordinance No. 05-11 allows for reasonable alternative channels of communication. Such a determination rightfully belongs in the hands of the fact finder at trial. At present, it is enough to say that genuine issues of material facts exist, and that Plaintiff's newly discovered evidence does not alter this conclusion. Therefore, Plaintiff's Motion to Reconsider [187] is denied.

Date: December 14, 2016

                                            ENTERED:

                                            John Robert Blakey
                                            United States District Judge