# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| 7421 WEST 100TH PLACE CORP., | |
| Plaintiff, | Case No. 13-cv-4336 |
| v. | |
| VILLAGE OF BRIDGEVIEW, | Judge John Robert Blakey |
| Defendant. | |

## **MEMORANDUM OPINION AND ORDER**

Under the well-settled standards applicable here and set forth at length in this Court's prior rulings, Defendant's Motion for Summary Judgment on the Constitutionality of Ordinance No. 05-11 and on Damages [231] is denied. In the Court's prior ruling on the parties' initial motions for summary judgment, the Court held that the record, at that time, left "too many factual questions unanswered" for the Court to determine whether District I-2A provides a "reasonable opportunity" to disseminate adult speech. Mem. Op. and Order [184] 22. Specifically, the Court pointed to multiple factual disputes regarding parcels identified by Defendant as "Parcel 20" and "Parcel 9." *Id*. at 20-22.

In the prior ruling on Plaintiff's motion to reconsider, this Court reiterated that the issue of whether an adult use zoning ordinance allows for reasonable alternative channels of communication "is necessarily fact-intensive," "requires an evaluation of multiple factors," and ultimately "must be resolved on a case-by-case basis." Mem. Op. and Order [200] 3 (internal citations and quotations omitted).

This Court concluded that Plaintiff's newly discovered evidence did not alter its conclusion that genuine issues of material fact remained. *Id.*

Admittedly, Defendant's renewed Motion for Summary Judgment on the Constitutionality of Ordinance 05-11 and on Damages [231] goes far in answering many of this Court's outstanding questions, at least as they pertain to this particular issue. For example, Defendant provides substantial evidence on the size, accessibility, and divisibility of the parcels in question, as well as the particular functions of the nearby Muslim American Society. Plaintiff's attempts to rebut this evidence are largely ineffective.

At the same time, however, Defendant's submissions introduce and confirm uncertainty in other probative areas. To satisfy even intermediate scrutiny, Ordinance No. 05-11 must not only allow for reasonable alternative channels of communication, but also be narrowly tailored. *See R.V.S., L.L.C. v. City of Rockford*, 361 F.3d 402, 410 (7th Cir. 2004). In its original summary judgment ruling (incorporated herein by reference), this Court noted that "an underinclusive regulatory scheme is not narrowly tailored." Mem. Op. and Order [184] 14 (quoting *Joelner v. Village of Washington Park, Illinois*, 508 F.3d 427, 430 (7th Cir. 2007), *as am. on denial of reh'g* (Apr. 3, 2008)).

In the same ruling, this Court, in a footnote, stated that based upon its review of the record at that time, it appeared that the current location of PoleKatz Gentleman's Club satisfied the zoning and location restrictions of Ordinance No. 05-11. *Id.* at 4 n. 4 (citing Defendant's Local Rule 56.1 Statement of Undisputed Facts

[120] Ex. Y). This inference was based on the original report from Defendant's expert, which placed PoleKatz on the *right* (i.e. eastern) half of the dual-business structure located at 7335 West 100th Place. Def.'s Local Rule 56.1 Statement of Undisputed Facts [120] Ex. Y at 5 (stating "Polekatz Building (*right*-half)") (emphasis added). This placement ostensibly put PoleKatz outside the 500-foot residential buffer mandated by Ordinance No. 05-11 (as well as all other location restrictions described in the Ordinance). *See id.* at 5 (figure shows PoleKatz outside of all relevant buffer zones). Consequently, PoleKatz's nonconforming use exemption seemingly did not apply.

Defendant's renewed motion, however, includes a supplemental expert report. Def.'s Local Rule 56.1 Statement of Undisputed Facts [232] Ex. D. This report places PoleKatz on the *left* (i.e. western) half of the dual-business structure located at 7335 West 100th Place. *Id.* at 2 (stating that the "portion of Parcel 12 actually used by Polekatz is the *western*-most half of the building") (emphasis added). This placement appears to put PoleKatz within the 500-foot residential buffer. *See id.* at 3 (figure shows PoleKatz within 500-foot buffer). If this in fact the case, then PoleKatz's noncomforming use exemption, and by extension, the issue of whether Ordinance 05-11 is narrowly tailored, remains in play (at least as its residential buffer requirement).

As a final note, given the record and the remaining uncertainty as to liability, this Court also declines to grant Defendant summary judgment as to damages. In its motion, Defendant devotes substantial effort to contesting the lawful *extent* of

Plaintiff's damages, particularly as they relate to lost profits. The Court agrees that, as a general principle, Plaintiff must establish lost profits with "reasonable certainty." *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007). Whether Plaintiff satisfies this burden at trial remains to be seen. Defendant fails to show, however, that Plaintiff will not be entitled to *any* damages should liability be decided in its favor. For example, the issue of lost profits aside, Defendant appears to acknowledge that Plaintiff at least paid application fees for his failed attempts to establish an adult cabaret. Def.'s Mem. Supp. Mot. Dismiss [233] 3. Defendant's renewed motion does not undermine the legitimacy of these actual damages. Moreover, "when a party establishes that it is entitled to damages but fails to prove the amount of those damages to a reasonable degree of certainty," nominal damages are still recoverable. *TAS*, 491 F.3d at 632.

In sum, as this Court has previously noted time and again, many genuine issues of material fact exist and they preclude the granting of Defendant's motion for summary judgment—on liability or damages—as a matter of law. Therefore, Defendant's Motion for Summary Judgment on the Constitutionality of Ordinance No. 05-11 and on Damages [231] is denied. The pretrial conference scheduled for March 27, 2017 stands.

Dated: March 27, 2017

Entered:

_____
John Robert Blakey
United States District Judge