## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| 7421 W. 100th PLACE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 4336 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| VILLAGE OF BRIDGEVIEW, | ) | |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO NICHOLAS DURIC'S PETITION TO INTERVENE
### AND DEFENDANT'S MOTION TO ADJUDICATE LIEN

Now comes the Plaintiff 7421 W. 100th Place Corp., by and through counsel, and in response to Nicholas Duric's petition to intervene and the Defendant's motion to adjudicate Duric's purported lien, states as follows:

### Introduction

On April 10, 2017, in the course of a settlement conference, the parties reached a binding settlement.[1] The court entered a minute order dismissing the case, providing that the dismissal "will convert to a dismissal with prejudice" upon execution of the settlement documents and transfer of the settlement funds.

In its April 10, 2017 minute order, the Court invalidated Village of Bridgeview Ordinance No. 05-11, which Plaintiff had sought in Count II of its amended complaint.[2]

On April 27, 2017, attorney Nicholas Duric ("Duric") filed a motion to reopen the case and to intervene therein. Duric does not seek to reopen the proofs to present common questions of law or fact. Rather, Duric claims that he owns five percent of the stock of the Plaintiff corporation, and that his interests "are not being adequately represented."

---

[1] The settlement calls for the payment of $230,000.00 to the Plaintiff as and for the resolution of its pending claims, inclusive of Plaintiff's attorney fees and costs.

[2] The Court had previously invalidated the alcohol restriction in Village Ordinance No. 04-54, which Plaintiff had sought in Count I of the complaint.

1

The parties' settlement agreement, executed on April 20, 2017,[3] does not individually name any of the shareholders of the Plaintiff corporation. The settlement agreement provides that the amount of $230,000.00 is to be made payable to 7421 W. 100th Place Corp. and its attorneys. Such language is in keeping with the fact that it was the *corporation as a whole*, and not any of its individual shareholders, which brought this action and prosecuted it to completion.

As shall be made evident, attorney Duric[4] has no basis to reopen this matter to intervene in the case. There is no danger that the dismissal of Plaintiff's case would be substantially unjust if Duric is not permitted to reopen the case, nor are there common questions of law or fact between applicant's claim and the main action. The Court should enter an order denying Duric's petition to intervene, along with Defendant's motion to adjudicate a purported, nonexistent lien.

A.      **There is no basis to reopen this proceeding under FRCP 60(b).**

On April 10, 2017, following the reaching of a binding settlement, the Court dismissed this matter. For the Court to entertain Duric's petition to intervene, it is necessary that the case be re-opened pursuant to Fed. R. Civ. P. 60(b).[5] *Melvin Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985).

Rule 60(b) permits the court to relieve a party from an order on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick*, 230 F.3d at 327.

---

[3] Attached as Exhibit A.

[4] Duric is facing disbarment by the Illinois Attorney Registration and Disciplinary Commission. The ARDC has continued Duric's hearing [originally scheduled for May 8, 2017] in order to add additional counts to the eight-count complaint currently pending against him.

[5] Duric is not claiming that a correction is necessary due to any oversights or omissions under Rule 60(a).

Nicholas Duric has failed to cite any exceptional circumstances that justify reopening this case following the reaching of a binding settlement. To begin with, Duric was never a party to the case. As a purported minority shareholder, Duric's property interests would be subsumed into that of the Plaintiff corporation, which was under no obligation to solicit Duric's approval of the settlement.[6] Nor does Duric cite any grounds to set aside the settlement reached on April 10, 2017. The mere fact that Plaintiff allegedly "failed and refused to respond" to Duric's queries about the status of the case provides no basis to re-open the underlying proceeding.[7]

Defendant requests (Motion to Adjudicate Lien, page 2) that the court "adjudicate the lien asserted by Nicholas Duric over the settlement of this case." As a purported minority shareholder, Duric does not possess a "lien" over a settlement reached in a matter in which the corporation was the Plaintiff. As with any corporate assets, the settlement funds will be utilized to pay corporate debts, if any, and will be otherwise subject to the discretion of the corporation's officers and directors. As a purported minority shareholder, Duric owes a duty of loyalty to the corporation and the other shareholders. *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995). Such duty would be breached by attempting to assert a fictitious lien over settlement proceeds that have been awarded to the corporation as a whole.

In characterizing Duric's purported lien as fictitious, Plaintiff is not engaging in rhetorical hyperbole. There is no basis for a lien to be asserted over corporate funds, awarded in gross, by a purported minority shareholder,[8] foisting the responsibility to allocate such proceeds upon the federal court. Duric has not alleged that the corporation's directors or officers have

---

[6] Duric's accusation on page 2 of the petition to intervene that Plaintiff "[attempted] to bypass him in the settlement" is nonsensical. Duric was never a party to the case.

[7] Overlooking the insufficiency of merely alleging that a purported minority shareholder's inquiries were not responded to, Duric attaches no emails or correspondence to bolster his claim that Plaintiff "failed and refused to respond" to his inquiries about the status of the case.

[8] A non-party to the underlying action.

breached a fiduciary duty owed to minority shareholders [assuming that Duric owns any stock in the corporation].[9] There is simply no foundation for the purported lien that Duric has claimed.

On April 26, 2017, in response to Duric's Notice of Lien emailed to defense counsel on the previous day, counsel requested that Duric disclose the basis for the lien he was claiming. *Duric never responded to that request*. (Def. Motion to Adjudicate Lien, p. 2). Such unresponsiveness should have sufficed to justify simply disregarding Duric's attempt to assert a nonexistent lien over the settlement proceeds.

The groundless vacuity of Duric's motion to reopen the case is borne out by the fact that Duric has failed to attach any pleading that he wishes to file in the case. His exceedingly cursory motion is devoid of any allegations that the settlement infringed upon any rights belonging to the corporation or its individual shareholders. There is no showing of any danger that the dismissal of Plaintiff's case was fundamentally unjust, either to the corporation or to Duric individually. *See Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994).[10]

Having failed to allege *any* exceptional circumstances to justify re-opening the case, there is no basis to adjudicate a purported lien held by Duric in the proceeds of the settlement. Plaintiff accordingly requests the entry of an order denying Duric's motion to reopen the case, as well as Defendant's motion to adjudicate the purported, nonexistent lien claimed by Duric in the settlement proceeds.

**B.    There is no basis to allow Duric to intervene in this case pursuant to FRCP 24(b).**

Bereft of a requisite showing under Rule 60(b), it is not necessary to consider whether Nicholas Duric can demonstrate sufficient basis to intervene under FRCP 24(b)(1)(B).

---

[9] And even assuming there were allegations of breach of fiduciary duty, absent diversity of citizenship, such claim would be unrelated to the matters *sub judice*, and would have to be brought in state court. *See* Illinois Fiduciary Obligations Act, 760 ILCS 5/65 *et seq.*; *see also* Goldwasser & Arnold, *Breach of Fiduciary Duty* (2010), § 7:1, p. 7.2.
[10] The actual standard requires a showing of *substantial* danger that the dismissal of the action was fundamentally unjust. *Dickerson*, 32 F.3d at 1117.

4

Case: 1:13-cv-04336 Document #: 294 Filed: 05/18/17 Page 5 of 7 PageID #:5361

Nevertheless, Plaintiff will consider whether Nicholas Duric has shown sufficient grounds to intervene in the case.[11]

Duric seeks permissive intervention under Fed. R. Civ. P. 24(b), which states as follows:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

The Seventh Circuit requires that permissive intervenors file a timely motion and show (1) a question of law or fact in common with the main action and (2) independent jurisdiction. See, e.g., *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009) ("Like anyone who wants to maintain an action in federal court, the [proposed intervenor] has to have standing in the Article III sense . . . ."). Even if these requirements are met, the Court has discretion whether to allow the intervention and should consider the impact of intervention on all of the parties. *Ligas*, 478 F.3d at 775.

Duric's petition to intervene fails to satisfy the minimal criteria for permissive intervention under Rule 24(b). There are no questions of law or fact held in common with the matters at issue in the main action. The respective rights or responsibilities of individual shareholders in the Plaintiff corporation have never been alluded to in any of the pleadings or briefs filed in the case. The questions of law and fact of materiality to the main action concern the basis for two Village provisions which sufficed to prevent the Plaintiff from being able to open a viable gentlemen's club in the Village of Bridgeview. Duric's petition to intervene imposes or implicates no questions of law or fact in common with such concerns.

Even disregarding the wholesale absence of any issues common to those of the main action, Duric's petition to intervene is untimely. Duric claims that he made "repeated attempts to

---

[11] Duric does not claim any right to intervene under FRCP 24(a).

obtain status from Plaintiff's counsel," which were not responded to.[12] Notwithstanding such alleged unresponsiveness over an extended period, Duric did not move to intervene in the case until April 27, 2017, some seventeen days after the case had come to settlement. Having represented [and taken advantage of] numerous clients in federal proceedings, Duric was of course familiar with the CM/ECF system for electronic access to federal dockets. Duric was no doubt contemporaneously aware of the Court's minute orders of May 26, 2016 and March 29, 2017, setting the case for settlement conferences before both the magistrate and presiding judge. Yet Duric waited until April 27, 2017 to file his petition to intervene, over two weeks after the entry of the April 10, 2017 order.[13]

Bereft of common questions of law or fact, filed in an untimely manner, there is not a semblance of a showing that Duric's petition to intervene complies with the requirements of Rule 24(b). On such basis – and overlooking the failure to fulfill the requirements for reopening the case under Rule 60(b) – Nicholas Duric's petition to intervene should be denied.

C.   **Nicholas Duric does not own any stock in 7421 W. 100th Place Corp.**

Plaintiff submits that there is no necessity to consider whether Nicholas Duric actually owns five percent of the stock of the Plaintiff corporation. Failing to meet the criteria of Rules 60(b) and 24(b), his purported status as a minority shareholder is moot. Nevertheless, as it were, for the record, Plaintiff has attached affidavits from the former, and current, President(s) of 7421 W. 100th Place Corp., attesting to Duric's lack of involvement in the corporation's affairs and non-ownership of any of the corporation's stock.[14]

---

[12] Plaintiff again notes the lack of any emails or letters from Duric to substantiate such claims. Duric emailed a Notice of Lien to defense counsel on April 25, 2017, yet somehow omitted to send a single email or letter to Plaintiff's counsel communicating his alleged "attempts to obtain status" concerning the case.
[13] Memorializing the binding settlement reached on the same date.
[14] *See* affidavits from Susan Michael and George Michael, attached as Exhibits B and C

## CONCLUSION

Nicholas Duric has failed to comply with the requirements of FRCP 60(b) and 24(b) to reopen the case and intervene. Plaintiff requests the following relief of this Honorable Court:

A.      For entry of an order denying Duric's motion to reopen the case and petition to intervene;

B.      For entry of n order denying the Motion to Adjudicate Lien filed by the Defendant;

C.      For such other relief as the Court may deem necessary.

Respectfully submitted,

/s/Anthony M. Klytta   .

KLYTTA & KLYTTA
Attorneys for Plaintiff
1645 Birchwood
Des Plaines, Illinois 60016
Phone: (773) 727-2225

7