# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| 7421 WEST 100TH PLACE CORP., <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF BRIDGEVIEW, <br><br> Defendant. | Case No. 13-cv-4336 <br><br> Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Claimant Nicholas M. Duric's Motion to Intervene [285] is denied. Non-parties may move pursuant to Federal Rule of Civil Procedure 24 to intervene in an action, either as a matter of right or by permission of the court. *See* Fed. R. Civ. P. 24. As "a threshold issue," however, such motions must be timely filed. *Arcos Mgmt. Corp. v. Aguilera*, No. 89-cv-4320, 1990 WL 186080, at *2 (N.D. Ill. Nov. 9, 1990). Untimely motions "must be denied." *NAACP v. New York,* 413 U.S. 345, 365 (1973). Although "the point to which the suit has progressed" constitutes "one factor" in the timeliness determination, "it is not solely dispositive." *Id*. at 365-56. Rather, timeliness "is to be determined from all the circumstances." *Id*. at 366. Among the factors to be considered are: (1) the length of time the intervenor knew or should have known of her or his interest in the case; (2) the extent of prejudice to the original litigating parties from the intervenor's delay; (3) the extent of prejudice to the would-be intervenor if his motion is denied; and (4) any unusual circumstances. *United States v. Kemper Money Mkt. Fund, Inc.*, 704 F.2d 389, 391

(7th Cir. 1983). Ultimately, the timeliness determination falls within this Court's sound discretion. *NAACP,* 413 U.S. at 366.

This Court finds Duric's Motion to Intervene [285] untimely. As a verifier of Plaintiff's original Complaint [1], Duric has known of the present suit since June 2013. Despite this fact, Duric did not seek to intervene until April 27, 2017, nearly four years after the initial filing, and seventeen days after the parties reached a binding settlement agreement. *See* Minute Entry [283]. Intervention at this stage would thus "waste valuable resources already expended in the negotiation process" and require the present parties "to renegotiate their settlement and this court to vacate its order of dismissal." *Arcos*, 1990 WL 186080, at *3; *see also Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 950 (7th Cir. 2000) ("To allow a tardy intervenor to block the settlement agreement after all that effort would result in the parties' combined efforts being wasted completely."). On the other hand, denying intervention will not unfairly prejudice Duric, as he may pursue his rights against Plaintiff through separate litigation. Duric's Motion to Intervene [285] is accordingly denied. By extension, Plaintiff's Motion to Dismiss Duric's Motion [289] and Intervenor Lawrence M. Karlin's Limited Motion to Intervene [298] are denied as moot.

Defendant's Motion to Adjudicate Duric's Lien [287] is also denied. Defendant's motion conflates the Court's jurisdiction to enforce the material terms of the parties' settlement agreement with the Court's supplemental jurisdiction over a hypothetical lien on Plaintiff's settlement proceeds. When "all federal claims in a

suit are dismissed, the presumption is that a federal court will relinquish federal jurisdiction over supplemental state law claims." *United States ex rel. Chandra v. Sheth*, No. 06-cv-2191, 2014 WL 1388898, at *1 (N.D. Ill. Apr. 9, 2014); *see also* U.S.C. § 1367(c)(3). This Court does so here, where Plaintiff's federal claims were settled and dismissed on April 10, 2017. *See* Minute Entry [283]. Defendant's Motion to Adjudicate Duric's Lien [287] is accordingly denied.

Dated: June 16, 2017

Entered:

_____
John Robert Blakey
United States District Judge